CITIZENS OF CINCINNATI, In re. See Case No. 13,628.

---

[From 18 N. B. R. 279.]

## Case No. 2,734.

CITIZENS' SAV. ASS'N v. TOPEKA.

[3 Dill. 376.][1]

Circuit Court, D. Kansas. 1874.[2]

CONSTITUTIONAL LAW—LIMITS OF TAXING POWER —AID TO PRIVATE ENTERPRISES.

1. Taxation can only be authorized for public as distinguished from private purposes.
[See note at end of case.]

2. A statute which authorizes a municipality to issue bonds, that can only be paid by taxation, for the benefit of a manufacturing enterprise of private persons, is void, because it violates the fundamental rights of property, since the purpose is essentially private in its nature, although the public may be incidentally benefited.
[Cited in Jarrott v. Moberly, Case No. 7,223.]
[See note at end of case.]

Action upon interest coupons to bonds issued by the city of Topeka. Demurrer to petition.

A. Ennis, for plaintiff.

A. L. Williams, for defendant.

DILLON, Circuit Judge. The city of Topeka issued one hundred bonds of $1,000 each, as a donation to the King Wrought Iron Bridge Manufacturing and Iron Works Company, of that place, to aid it in establishing therein its manufactory of iron bridges. The bonds are payable to that company and purport to be issued in pursuance of section 76, of an act of the legislature of Kansas, to incorporate cities of the second class, approved February 29, 1872 (Laws 1872, p. 192), and of an act approved March 2, 1872, to authorize cities and counties to issue bonds to build bridges, aid railroads, water-powers, and other works of internal improvement (Laws 1872, p. 110). The purpose for which these bonds were issued appears on their face, and is stated in the petition. It is alleged that the city has paid one year's interest thereon out of funds raised by taxation, and that it was after such payment that the plaintiff became the owner of the bonds and the coupons in suit, for value.

I concede that the legislative provision is broad enough to warrant the issue of these bonds by the city of Topeka, and the demurrer must be overruled if the authority to this end conferred upon the city is one which the legislature had the rightful power to grant. This question I have already decided in the case of the Commercial Bank of Cleveland v. City of Iola [Case No. 3,061]. I have given at some length the reasons for the conclusion that bonds like those in suit are absolutely void. That opinion was deliberately formed; and I am still satisfied with it and adhere to it. The payment of interest can-

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

[2] [Affirmed in Loan Association v. Topeka, 20 Wall. (87 U. S.) 655.]

not cure the absolute want of power. It is not sufficient to distinguish this case from the one cited. Following that case, the demurrer will be sustained and judgment entered for the city. Judgment accordingly.

NOTE [from original report]. Before the decision in the Iola Case [Case No. 3,061], it is estimated that over $2,000,000 of bonds had been issued in Kansas to aid private enterprises, such as hotels, manufactories, etc., and at the time that decision was given, preparations to issue large amounts of similar bonds were making. To the judgment in that case and the Topeka Case, writs of error were prosecuted and both were affirmed by the supreme court in February, 1874. The opinion of the court was given in the Topeka Case, which was very carefully prepared by Mr. Justice Miller, and contains the sanction of that high tribunal to sound principles of constitutional law, which have been too often overlooked or disregarded in this country.

[NOTE. The judgment entered in accordance with this opinion was affirmed by the supreme court on a writ of error prosecuted by the plaintiff, Mr. Justice Miller delivering the opinion of the majority of the court. The reasons of the affirmance were that the statute authorizing the town to issue the bonds in aid of a private manufacturing enterprise was void, because the taxes necessary to pay the bonds would, if collected, be the transfer of property of individuals to aid in the projects of gain and profit of others, and not for a public use, in the proper sense of that term, and also because the legislature had no power to pass the statute in question. Loan Association v. Topeka, 20 Wall. (87 U. S.) 655.]